UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE: HENRI J. DINGLE ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 08-mc-119 (RMC) |

## ORDER TO SHOW CAUSE

While this action was pending in the Superior Court of the District of Columbia, Plaintiff Shane Lucas attempted to serve process on Metropolitan Police Department ("MPD") officers Carlton B. Wicker, Jeffery Clay, and Timothy Ford. Plaintiff's process server filed three affidavits indicating that he personally served Officers Wicker, Clay, and Ford at the Third District police station on May 23, 2007 at 9:30 a.m. *See* Defs.' Partial Motion to Dismiss [Dkt. #3][1] Ex. 1 (Aff. of Service — Wicker); Ex. 2 (Aff. of Service — Clay); Ex. 3 (Aff. of Service — Ford). The Defendants argued in their Partial Motion to Dismiss that these Affidavits were false and that none of the officers was personally served as required by Superior Court Civil Procedure Rule 4(e)(2).

An evidentiary hearing was held August 21, 2007, to resolve whether the officers were properly served in this matter. The Court received testimony from Officers Clay, Ford, Wicker, and Sheryl McClean, the Time and Attendance Clerk for the Third District Police Station. These

---

[1] References to docket entries in this Order appear on the docket for Civil Action No. 07-1109 (RMC), *Lucas v. District of Columbia*, which was dismissed pursuant to the parties' Stipulation of Dismissal on February 15, 2008. This action is the sole remaining issue from that litigation, and the Court opened this matter as a separate case for ease of administration.

witnesses provided credible testimony that the Officers were not properly served. Plaintiff's process server did not attend the evidentiary hearing, although Plaintiff's counsel assured the Court he had been notified. The Court continued the evidentiary hearing to October 1, 2007, to allow counsel for Plaintiff to subpoena the process server, Henri Dingle. Subsequently, counsel for Plaintiff subpoenaed Mr. Dingle to compel his testimony at the October 1 hearing. Mr. Dingle once again failed to attend the evidentiary hearing.[2] The Court issued an Order to Show Cause to Mr. Dingle ordering him to show in writing why the Court should not hold him in contempt. See [Dkt. #12]. The U.S. Marshal was directed to serve Mr. Dingle and Mr. Dingle was directed to respond to the Court's Order no later than October 19, 2007. Timely service was not executed on Mr. Dingle. The Court discharged the October 1, 2007 Order to Show Cause and reissued the Order on October 25, 2007, for timely service by the U.S. Marshal. Mr. Dingle was ordered to respond in writing no later than November 26, 2007. See Dkt. #15. The U.S. Marshal Service attempted to serve Mr. Dingle personally with this Court's October 25, 2007 Order on three separate occasions to no avail.[3] The Court discharged the October 25, 2007 Order, because it was returned unexecuted, and reissued the Order. See Dkt. # 17. The Court perfected service by directing the Clerk of this Court to mail a certified copy of this Court's Order to Mr. Dingle's address. See id.

Mr. Dingle was ordered to show cause in writing why the Court should not hold him in contempt no later than January 31, 2008. Id. Mr. Dingle responded to the Court by letter on January 29, 2008. Mr. Dingle explains that he has been attending to a family emergency involving

---

[2] The Court received credible testimony from investigator Marcus Head that Mr. Dingle was properly served with a subpoena to compel his appearance at the October 1, 2007 evidentiary hearing.

[3] The U.S. Marshal Service attempted service on October 26, 2007, October 29, 2007, and October 30, 2007.

his sick mother during the time that the Court has repeatedly requested a response. But, there is no explanation in his letter as to whether he in fact did properly serve the officers mentioned above. The Court will excuse the tardiness of the response, but will not excuse Mr. Dingle from accounting for the actions he either did or did not take. Accordingly, it is hereby

**ORDERED** that the Court's December 10, 2007 Order to Show Cause [Dkt. #17] is **DISCHARGED**; and it is

**FURTHER ORDERED** that Mr. Henri Dingle shall **SHOW CAUSE** in person why the Court should not hold him in contempt for failing to properly serve officers Carlton B. Wicker, Jeffery Clay, and Timothy Ford; and it is

**FURTHER ORDERED** that the Clerk of this Court shall set a hearing on the Order to Show Cause and notify Mr. Dingle of the date; and it is

**FURTHER ORDERED** that the Clerk of this Court shall mail a certified copy of this Order to Mr. Dingle at the following address:

> Henri Dingle
> 4137 Southern Avenue
> Apartment #102
> Capitol Heights, MD 20743

**SO ORDERED.**

Date: March 11, 2008

/s/ Rosemary M. Collyer
ROSEMARY M. COLLYER
United States District Judge